UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

GREAT DIVIDE INSURANCE COMPANY,      )
a/s/o Northeast Waste Solutions, LLC,  )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Case No. 18-CV-0428-CVE-FHM
                                       )
KIMBLE MIXER COMPANY,                  )
d/b/a Hines Specialty Vehicle Group;   )
ILLINOIS TOOL WORKS, INC.;             )
CUMMINS, INC.; FRONTIER                )
INTERNATIONAL TRUCKS, INC.;            )
ALSUMA TRUCK AND EQUIPMENT             )
REPAIR, INC.; and HDA TRUCK            )
PRIDE, INC.,                           )
                                       )
            Defendants.                )

# OPINION AND ORDER

Now before the Court are defendant Illinois Tool Works, Inc.'s motion to dismiss and brief in support (Dkt. # 24); defendant Kimble Mixer Company's motion to dismiss and brief in support (Dkt. # 26); and defendant HDA Truck Pride, Inc.'s motion to dismiss (Dkt. # 42).[1] On July 16, 2018, plaintiff Great Divide Insurance Company, as subrogee of its insured, Northeast Waste Solutions, LLC, initiated this products liability action in the District Court in and for Tulsa County, Oklahoma. Dkt. # 2-1. Plaintiff asserts a negligence claim against Illinois Tool Works (ITW) and Kimble (count I), a breach of warranty claim against ITW and Kimble (count V), and a separate negligence claim against HDA (count IV). Id. at 6-8, 12-14. Following the removal of the action

---

[1] Defendant Cummins, Inc. does not move to dismiss, and filed an answer (Dkt. # 13) to the petition on August 24, 2018. Defendants Frontier International Trucks, Inc. and Alsuma Truck and Equipment Repair, Inc. have not filed answers or otherwise responded to the petition.

to this Court, ITW filed a motion to dismiss (Dkt. # 24). Plaintiff filed a response in opposition to ITW's motion (Dkt. # 27), and ITW filed a reply (Dkt. # 33). Similarly, Kimble filed a motion to dismiss (Dkt. # 26), plaintiff filed a response in opposition to Kimble's motion (Dkt. # 28), and Kimble filed a reply (Dkt. # 39). Finally, HDA filed a motion to dismiss (Dkt. # 42), and plaintiff filed a response in opposition to HDA's motion (Dkt. # 43).

**I.**

At some time prior to August 22, 2017, Northeast Waste Solutions purchased a new 2013 Crane Carrier Corporation truck, bearing vehicle identification number 1CYCLZ488DT050866 ("the truck"), from Frontier International Trucks, Inc. Dkt. # 2-1, at 5-6. At the time the truck was purchased, defendants Kimble and/or ITW were the owners of the Crane Carrier Corporation assets. Id. at 6. "[A]ny warranty work or large scale maintenance and/or service and/or repairs [to the truck] were performed by" WC Truck Repairs and/or Alsuma Truck and Equipment Repair, Inc., "with parts and equipment supplied by HDA." Id. An insurance policy covering the truck was issued by plaintiff to Northeast Waste Solutions. Id. at 3.

On August 22, 2017, the truck caught fire while being operated. Id. at 5. Plaintiff alleges that "the fire was caused by the defective manufacture, maintenance, service, and/or repair of the Truck's combustible turbo exhaust system and engine air inlet plumbing." Id. at 6. Plaintiff alleges that, as a result of the fire, its insured "sustained fire damage to their personal property, loss of use, and other fire related expenses . . . ." Id. Pursuant to the insurance policy, plaintiff paid to its insured, and on its behalf, an amount in excess of $169,425. Id.

**II.**

Defendants ITW and Kimble each filed a motion to dismiss the negligence claim asserted against them in count I and the breach of warranty claim asserted against them in count V. ITW and Kimble raise the same arguments in support of dismissal–specifically, that the negligence claim is barred by the "economic loss rule," and that the breach of warranty claim is barred by the Uniform Commercial Code (UCC)'s five-year statute of limitations. Defendant HDA also filed a motion to dismiss, stating that it simply adopts and joins in the motions to dismiss and replies filed by ITW and Kimble.[2] Dkt. # 42, at 1-2. Therefore, the issues presented by the collective motions to dismiss are as follows: (1) whether the negligence claims, asserted against ITW and Kimble in count I and against HDA in count IV, are barred by the economic loss rule; and (2) whether the breach of warranty claim, asserted against ITW and Kimble in count V, is barred by the UCC's five-year statute of limitations.

A. Negligence (Counts I and IV)

Defendants argue that the economic loss rule bars plaintiff from proceeding with its negligence claims, because plaintiff does not allege any harm to property other than the allegedly defective truck or any resulting harm other than the solely economic damages. In Waggoner v. Town & Country Mobile Homes, Inc., 808 P.2d 649 (Okla. 1990), the Oklahoma Supreme Court adopted the economic loss rule, which bars recovery under tort theories "for injury only to the product itself resulting in purely economic loss." Id. at 653. The court reasoned that damages to the product itself

---

[2] HDA moves to dismiss the negligence claim asserted against it in count IV. Plaintiff does not assert any other claims against HDA. Therefore, the Court interprets HDA's motion as adopting the arguments raised in ITW's and Kimble's motions and replies only to the extent that such motions and replies address dismissal of the negligence claim.

are recoverable under contract law in actions brought under the UCC. Id. at 652. In Oklahoma Gas & Electric Co. v. McGraw-Edison Co., 834 P.2d 980 (Okla. 1992), the Oklahoma Supreme Court clarified that a plaintiff cannot circumvent the economic loss rule by alleging only "consequential economic losses" in addition to the damage to the defective product itself. Id. at 982. Therefore, when a plaintiff alleges an economic injury for damage to the product itself and for consequential damages, such as to ancillary equipment, clean-up, repair, and reinstallation costs, the economic loss rule applies. United Golf, LLC v. Westlake Chem. Corp., No. 05-CV-0495-CVE-PJC, 2006 WL 2807342, at *3 (N.D. Okla. Aug. 15, 2006) (citing Oklahoma Gas, 834 P.2d at 982). The court also recognized, however, that damages to "other property," apart from the product itself and consequential damages, are recoverable in tort actions. Waggoner, 808 P.2d at 652; see Oklahoma Gas, 834 P.2d at 982 (claims for personal injury or damage to other property would not fall within ambit of economic loss doctrine).

There is no dispute that plaintiff alleges purely economic loss based on the damage to the truck. Plaintiff argues, however, that the Court should "classify the combustible turbo exhaust system and engine air inlet plumbing as the 'product' and the remaining damaged portions of the Subject Truck to be 'other property,'" to which the economic loss rule does not apply. Dkt. # 27, at 7. As support, plaintiff relies on Agape Flights, Inc. v. Covington Aircraft Engines, Inc., No. CIV-09-492-FHS, 2012 WL 2792452 (E.D. Okla. July 9, 2012). In Agape, which involved the crash and destruction of an aircraft, the Eastern District of Oklahoma concluded that, "for the purposes of application of the economic loss doctrine, the Engine and its component part Fuel Pump are the 'product' and the Aircraft is considered 'other property.'" Id. at *4. While the conclusion in Agape aligns with plaintiff's desired outcome, plaintiff ignores the court's reasoning for reaching its

4

conclusion. The Agape court explained that a court must "focus on the object of the parties' bargain" to determine the scope of the economic loss doctrine. Id. at *4. The court determined that the parties had entered into a lease of the engine and its component parts, but that "[n]o contractual arrangement exist[ed] between Covington and Agape regarding the Aircraft." Id. Therefore, the court concluded that the "product" was the engine and its component parts.

Here, no relevant contract has been filed as an exhibit to any of the pleadings; nonetheless, the "object of the parties' bargain" is clear from the allegations in plaintiff's petition. Plaintiff alleges that "the Truck," which plaintiff defines as "the 2013 Crane Carrier Corporation Truck . . . containing the Cummins 73494172-ISL G CM2180 engine," "was purchased new from Frontier." Dkt. # 2-1, at 5-6. Accordingly, plaintiff clearly alleges that its insured purchased the truck, including the Cummins engine, as a single integrated unit. See also id. at 7 (alleging that ITW and Kimble acted negligently by, inter alia, "[f]ail[ing] to manufacture, assemble, distribute, sell and otherwise place into the stream of commerce a properly functioning Truck"). Moreover, there is no indication whatsoever in the petition that a contractual arrangement exists between plaintiff's insured and any moving defendant regarding only the combustible turbo exhaust system and/or engine air inlet plumbing. Therefore, based on the reasoning in Agape, the entire truck, including the Cummins engine, constitutes the "product" for purposes of the economic loss rule. Such a conclusion is also in accordance with Supreme Court case law. In Saratoga Fishing Co. v. J.M. Martinac & Co., 520 U.S. 875 (1995), the Supreme Court emphasized that the "product" is not the various component parts; rather, the "product" is the product itself as placed in the stream of commerce by the manufacturer and distributors. Id. at 883. Moreover, in East River Steam Ship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858 (1986), the Supreme Court noted that, "[s]ince all but the

5

very simplest of machines have component parts, [a contrary] holding would require a finding of 'property damage' in virtually every case where a product damages itself. Such a holding would eliminate the distinction between warranty and strict products liability." Id. at 867. Having determined that the entire truck, including the Cummins engine, constitutes the "product," the Court finds that plaintiff's negligence claims are barred by the economic loss rule because plaintiff alleges purely economic loss based on damage to the product.[3] Accordingly, the Court finds that the motions to dismiss should be granted as to counts I and IV of the petition.

### B. Breach of Warranty (Count V)

Defendants ITW and Kimble argue that plaintiff's breach of warranty claim (count V) is barred by the UCC's statute of limitations. Under Oklahoma law, a five-year statute of limitations governs express and implied breach of warranty claims. OKLA. STAT. tit. 12A, § 2-725(1). However, "by the original agreement[,] the parties may reduce the period of limitation to not less than one (1) year . . . ." Id. Defendants assert that, based on the terms and conditions of an express warranty, it was a one-year warranty and expired in May 2014. Dkt. # 26, at 7. Defendants argue that, because a plaintiff cannot bring a claim on the basis of an expired warranty, plaintiff's claim for breach of warranty is barred. Id. at 8. To determine whether the parties, by the original agreement, limited the time in which a breach of express warranty claim can be brought, the Court

---

[3]    Even assuming, arguendo, that the combustible turbo exhaust system and engine air inlet plumbing were the "product" and the remaining damaged portions of the truck were "other property," the economic loss rule would still apply because the damage to the remaining portions of the truck constitutes "consequential damages." In United Golf, this Court noted that "[t]he Oklahoma Supreme Court has focused on foreseeability of damages to determine if the alleged harm qualifies as consequential damages under the UCC." United Golf, 2006 WL 2807342, at *5. Here, it was entirely foreseeable that the entire truck would be damaged by a fire originating in an allegedly defective component of the truck.

6

must review the warranty. A copy of the purported warranty is attached to Kimble's motion (see Dkt. # 26-1). However, the warranty has not been filed as an exhibit to any pleadings, see FED. R. CIV. P. 7(a), and it, therefore, constitutes material that is outside the scope of the pleadings. Pursuant to Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Defendants argue, however, that because the warranty "is central to plaintiff's claim and referred to in the complaint," the Court may consider the warranty without treating the motions as ones for summary judgment. Dkt. # 26, at 7 n.1.

As an initial matter, plaintiff fails to specify in its petition whether it is asserting a claim for breach of an express warranty or a claim for breach of an implied warranty. For example, plaintiff first alleges that "[d]efendants implied that the Truck would be manufactured, assembled, distributed and/or sold in a workmanlike manner and with the necessary knowledge, skill, care and ability"; however, plaintiff then alleges that "[d]efendants, by and through its agents, workmen and employees, breached the above-mentioned express and/or implied warranties . . . ." Dkt. # 2-1, at 13-14. Because the breach of warranty claim is so vague, any reference therein to an express warranty is insufficient as to allow the Court to consider the warranty without treating the motions as ones for summary judgment. Accordingly, the Court finds that, in order to consider the terms of the warranty and to, therefore, determine whether the parties agreed to limit the time in which a breach of express warranty claim can be brought, the Court must treat ITW's and Kimble's motions as ones for summary judgment.

Further, defendants argue that, even if the UCC's five-year statute of limitations applies, plaintiff's breach of warranty claim is still barred. The UCC provides that the cause of action accrues "when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered." OKLA. STAT. tit. 12A, § 2-725(2). Defendants argue that the cause of action accrued upon tender of delivery. Relying on the certificate of origin and certificate of title, both of which are materials outside the scope of the pleadings,[4] defendants argue that tender of delivery was made more than five years prior to the filing of the petition. Therefore, defendants argue, the breach of warranty claim is untimely, regardless of whether or not the Court considers the warranty. In response, plaintiff argues that, "[a]t this stage in the proceedings, it is unclear whether Defendant provided a warranty which explicitly extends to future performance of goods." Dkt. # 28, at 10. If such a term exists in the warranty, the cause of action would have accrued when the breach was or should have been discovered. OKLA. STAT. tit. 12A, § 2-725(2). Therefore, in order to determine whether the cause of action accrued upon tender of delivery or, instead, when the breach was or should have been discovered, the Court must review the warranty to determine whether it explicitly extends to future performance of goods.

The Court finds that it must consider material outside the pleadings to rule on ITW's and Kimble's motions to dismiss the breach of warranty claim. Therefore, the parties are hereby notified that, to the extent defendants move to dismiss plaintiff's breach of warranty claim (count V), the Court must treat ITW's and Kimble's motions as ones for summary judgment under Rule 56. See

---

[4] Plaintiff argues that the Court cannot consider the certificate of origin or certificate of title without treating the motions as ones for summary judgment. For the reasons discussed in this opinion and order, the Court need not address this argument at this time.

8

Fed. R. Civ. P. 12(d); Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005). Within fourteen (14) days of the entry of this order, the parties shall present any evidentiary materials, and supplemental briefs not to exceed ten (10) pages in length, related solely to the statute of limitations for the breach of warranty claim, including any documents related to the term of the warranty and the date of delivery.[5]

    **IT IS THEREFORE ORDERED** that defendant HDA's motion to dismiss (Dkt. # 42) is **granted**, and HDA Truck Pride, Inc. is terminated as a party to this action.

    **IT IS FURTHER ORDERED** that defendant ITW's motion to dismiss and brief in support (Dkt. # 24), and defendant Kimble's motion to dismiss and brief in support (Dkt. # 26) are **granted in part**, and **under advisement in part as converted motions for summary judgment**, as follows: the motions are granted as to plaintiff's negligence claim asserted against ITW and Kimble in count I; the motions remain pending as to plaintiff's breach of warranty claim asserted against ITW and Kimble in count V.

    **IT IS FURTHER ORDERED** that, to the extent that ITW and Kimble move to dismiss plaintiff's breach of warranty claim asserted against them in count V, the Court is treating defendant ITW's motion to dismiss and brief in support (Dkt. # 24), and defendant Kimble's motion to dismiss and brief in support (Dkt. # 26) as motions for summary judgment under Rule 56.

---

[5]     Because the Court finds that the motions to dismiss must be treated as motions for summary judgment under Rule 56, the parties will have the opportunity to submit the certificate of origin and certificate of title to the Court. Accordingly, the Court need not decide whether it can take judicial notice of those documents.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the entry of this order, or by **May 31, 2019**, the parties shall present any evidentiary materials, and supplemental briefs not to exceed ten (10) pages in length, related solely to the statute of limitations for the breach of warranty claim, including any documents related to the term of the warranty and the date of delivery.

**DATED** this 17th day of May, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE