# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREST DIVIDE INSURANCE COMPANY, a/s/o Northeast Waste Solutions, LLC, Plaintiff, v. KIMBLE MIXER COMPANY, d/b/a Hines Specialty Vehicle Group; ILLINOIS TOOL WORKS, INC.; CUMMINS, INC.; FRONTIER INTERNATIONAL TRUCKS, INC.; ALSUMA TRUCK AND EQUIPMENT REPAIR, INC.; and HDA TRUCK PRIDE, INC., Defendants. | Case No. 18-CV-0428-CVE-FHM |

## OPINION AND ORDER

Now before the Court as converted motions for summary judgment are defendant Illinois Tool Works, Inc.'s motion to dismiss and brief in support (Dkt. # 24), and defendant Kimble Mixer Company's motion to dismiss and brief in support (Dkt. # 26).[1] Illinois Tool Works (ITW) and Kimble each filed a motion to dismiss the claims asserted against them in counts I and V of the petition (Dkt. ## 25, 26). In an opinion and order dated May 17, 2019, the Court granted the motions as to the negligence claim (count I) asserted against ITW and Kimble; however, with respect to the breach of warranty claim (count V), the Court ordered that the motions remain under advisement as

---

[1] Defendant Cummins, Inc. filed an answer (Dkt. # 13) to the petition on August 24, 2018. Defendants Frontier International Trucks, Inc. and Alsuma Truck and Equipment Repair, Inc. have not filed answers or otherwise responded to the petition. On May 17, 2019, the Court issued an opinion and order (Dkt. # 68) granting defendant HDA Truck Pride, Inc.'s motion to dismiss, and terminating HDA as a party to this action.

converted motions for summary judgment. Dkt. # 68, at 9. The Court directed the parties to present any evidentiary materials and supplemental briefs related solely to the statute of limitations for the breach of warranty claim, including any documents related to the term of the warranty and the date of delivery. Id. at 10. ITW and Kimble each filed a supplemental brief in support of summary judgment (Dkt. ## 69, 70). Plaintiff Great Divide Insurance Company elected not to file a response to the supplemental briefs; therefore, the Court will treat the responses (Dkt. ## 27, 28) filed by Great Divide in opposition to the motions to dismiss as its responses to the motions for summary judgment. The background of this case is set forth in detail in the Court's May 17, 2019 opinion and order (Dkt. # 68).

**I.**

The sole remaining issue in this case is whether plaintiff's breach of warranty claim (count V) is barred by the statute of limitations. As the Court noted in its May 17, 2019 opinion and order, plaintiff fails to specify in its petition whether its breach of warranty claim relates to an express warranty or an implied warranty. Dkt. # 68, at 7. Therefore, the Court considers both types of breach of warranty claims.

A. Breach of Express Warranty

Under Oklahoma law, a five-year statute of limitations governs express and implied breach of warranty claims. OKLA. STAT. tit. 12A, § 2-725(1). However, with respect to express warranties, "by the original agreement[,] the parties may reduce the period of limitation to not less than one (1) year . . . ." Id. Here, the express warranty provides that it covers parts that have "failed within twelve (12) months or 12,000 miles or 2000 hours, whichever first occurs after delivery of such

carrier . . . ." Dkt. # 26-1, at 3. Accordingly, the parties have expressly agreed to reduce the period of limitation to twelve months.

Further, the UCC provides that the cause of action accrues "when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered." OKLA. STAT. tit. 12A, § 2-725(2). In response to the motions to dismiss, plaintiff argued that "it is unclear whether Defendant provided a warranty which explicitly extends to future performance of goods." Dkt. # 28, at 10. Based on a review of the express warranty, however, the Court finds that the express warranty does not extend to future performance of goods.[2] Therefore, the twelve-month limitation period accrued when tender of delivery was made.

ITW made tender of delivery of the truck to Frontier International Truck, Inc. prior to April 5, 2013, Dkt. # 69-2, and the truck was actually delivered to Frontier by May 1, 2013, Dkt. # 24-1. Moreover, plaintiff admits, and the evidence shows, that plaintiff's subrogee, Northeast Waste Solutions LLC, purchased the truck from Frontier on or about May 20, 2013. Dkt. # 69-3, at 5, 11. Finally, the evidence shows that plaintiff's subrogee actually possessed and titled the truck by May 22, 2013. Id. at 5-6; Dkt. # 24-2. Plaintiff did not file its breach of warranty claim until July 16, 2018. Therefore, regardless of which event constitutes the "tender of delivery" that triggered the statute of limitations, the twelve-month limitation period expired prior to plaintiff filing its claim.

---

[2]     Moreover, plaintiff has presented no evidence that any other warranty exists. Dkt. # 69, at 8.

Accordingly, the Court finds that, to the extent plaintiff asserts breach of express warranty claim, such a claim is barred by the statute of limitations.

B. Breach of Implied Warranty

The express warranty at issue in this case states "THIS WARRANTY IS MADE EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND OF ANY OTHER OBLIGATION OR LIABILITY ON THE PART OF THE MANUFACTURER." Dkt. # 26-1, at 4. The UCC authorizes disclaimers of implied warranties. OKLA. STAT. tit. 12A, § 2-316(2); see, e.g., Collins Radio Co. v. Bell, 623 P.2d 1039, 1048-50 (Okla. Civ. App. 1980). Therefore, to the extent plaintiff asserts a claim for breach of implied warranty, such a claim is barred by the disclaimer contained in the express warranty.

Even absent the disclaimer in the express warranty, a claim for breach of implied warranty would nonetheless be barred by the statute of limitations. As discussed, the UCC's five-year statute of limitations governs implied breach of warranty claims, and the statute of limitations begins to run when "tender of delivery" is made. OKLA. STAT. tit. 12A, § 2-725(1)-(2). Further, as already noted, Northeast Waste actually possessed and titled the truck by May 22, 2013; therefore, May 22, 2013 is the latest possible date on which the "tender of delivery" could have occurred. Thus, at the very latest, the five-year statute of limitations would have ended on May 22, 2018. Plaintiff did not file its claim for breach of warranty until July 16, 2018. Therefore, even absent the express warranty's disclaimer of implied warranties, plaintiff's claim for breach of implied warranty would be barred.

Accordingly, the Court finds that plaintiff's breach of warranty claim (count V) is barred, and that the converted motions for summary judgment should be granted.

**IT IS THEREFORE ORDERED** that defendant Illinois Tool Works, Inc.'s motion to dismiss and brief in support (Dkt. # 24), and defendant Kimble Mixer Company's motion to dismiss and brief in support (Dkt. # 26), which the Court treats as converted motions for summary judgment on plaintiff's breach of warranty claim (count V), are **granted**. ITW and Kimble are terminated as parties to this action.

**DATED** this 5th day of June, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE